IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANDAL ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3695 |
| | ) | |
| AURORA EAST SCHOOL DISTRICT 131, | ) | |
| BOARD OF EDUCATION SCHOOL | ) | |
| DISTRICT 131, MICHAEL RADAKOVICH, | ) | |
| JEROME ROBERTS, YVONNE HOLLINGSWORTH, | ) | |
| and JAMES VAUGHN, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Plaintiff Randal Ellison is the former Principal of
Simmons Middle School, which is in defendant Aurora East School
District 131 (the "District"). Also named as defendants are the
District's Board of Education (the "Board"), Superintendent
Michael Radakovich, Assistant Superintendents Jerome Roberts and
James Vaughn, and Human Resource Director Yvonne Hollingsworth.
Plaintiff alleges that he informed defendants that he was
resigning at the termination of his three-year contract as
Principal. Instead of simply accepting the resignation,
defendants reclassified plaintiff as a teacher effective the
end of his term as principal and dismissed him effective the

same day. Plaintiff alleges the grounds for reclassification/
termination are false and constitute "stigma plus" that denied
him liberty without due process of law. Count I is a claim for
damages and Count II is a claim for injunctive relief preventing
defendants from further reporting the allegedly false
information and requiring that they retract prior distributions
of the information. Defendants move to dismiss, primarily on
the ground that the alleged stigma is insufficient to support a
liberty interest claim. Alternatively, they contend the
Complaint contains improper inconsistent pleadings. Also, to
the extent Count I is not dismissed, defendants alternatively
contend that there is no basis for injunctive relief because
compensatory damages is an adequate remedy at law and plaintiff
cannot seek punitive damages from the District or Board.

The Federal Rules of Civil Procedure require only "a
short and plain statement of the claim showing that the pleader
is entitled to relief." Fed. R. Civ. P. 8(a)(2); Estate of
Sims v. County of Bureau, 506 F.3d 509, 514 (7th Cir. 2007).
Plaintiff need only plead facts sufficient to raise a right to
relief above the speculative level, providing fair notice and an
appearance of plausibility. See Bell Atl. Corp. v. Twombly,
550 U.S. 544, 127 S. Ct. 1955, 1965, 1973-74 & n.14 (2007);
Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007);
Sims, 506 F.3d at 514; St. John's United Church of Christ v.
City of Chicago, 502 F.3d 616, 625 (7th Cir. 2007), cert.

denied, 128 S. Ct. 2431 (2008); Airborne Beepers & Video,

Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). A

complaint should be dismissed if "the factual detail . . . [is]

so sketchy that the complaint does not provide the type of

notice of the claim to which the defendant is entitled under

Rule 8." St. John's, 502 F.3d at 625 (quoting Airborne, 499

F.3d at 667). When a case is more complex than the average case

and discovery is likely to be more costly than the average case,

more factual detail may be necessary to establish the

plausibility of the claims requiring the additional burden. See

Limestone Dev. Corp. v. Village of Lemont, Ill., 520 F.3d 797,

803 (7th Cir. 2008). Still, absent the applicability of Fed. R.

Civ. P. 9(b), heightened fact pleading of specifics is not

required. Id. (quoting Twombly, 127 S. Ct. at 1964, 1974).

The well-pleaded allegations of the Complaint must

be taken as true and all reasonable inferences drawn in

plaintiff's favor. Twombly, 127 S. Ct. at 1965; Erickson,

127 S. Ct. at 2200; Sims, 506 F.3d at 512; Caldwell v. Jones,

513 F. Supp. 2d 1000, 1003 (N.D. Ind. 2007). "[C]ourts are not

bound to accept as true a legal conclusion couched as a factual

allegation." Twombly, 127 S. Ct. at 1965. "[O]nce a claim has

been stated adequately, it may be supported by showing any set

of facts consistent with the allegations in the complaint." Id.

at 1969; Caldwell, 513 F. Supp. 2d at 1003. As long as

consistent with the allegations of his Complaint, plaintiff may

assert additional facts in his response to the motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Williams v. Macklin, 2008 WL 4696136 *3 (N.D. Ill. Oct. 23, 2008); Beam v. Mukasey, 2008 WL 4614324 *4 (N.D. Ill. Oct. 15, 2008); Warren v. Peterson, 2008 WL 4411566 *1 (N.D. Ill. Sept. 25, 2008). Additionally, contrary to defendants' contention, a plaintiff may alternatively plead inconsistent facts as well as inconsistent theories. See Fed. R. Civ. P. 8(d); Holman v. Indiana, 211 F.3d 399, 406-07 (7th Cir. 2000); Moriarty v. Larry G. Lewis Funeral Dir. Ltd., 150 F.3d 773, 777-78 (7th Cir. 1998); Guarantee Trust Life Ins. Co. v. American United Life Ins. Co., 2003 WL 23518661 *1-2 (N.D. Ill. Dec. 17, 2003); Jamsports & Entm't, LLC v. Paradama Prod., Inc., 2003 WL 1873563 *7 (N.D. Ill. April 15, 2003); Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc.: Civ. 3d § 1283 at 726-27 (2004). But compare Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008) (dictum cited by defendants) ("Although our pleading rules do not tolerate factual inconsistencies in a complaint, they do permit inconsistencies in legal theories.").[1]

---

[1]The focus of Tamayo, 526 F.3d at 1086-87, was on pleading alternative theories, which it held were permitted. The dictum regarding factual inconsistencies not being permitted is a reference to not being able to plead legal conclusions or conclusory facts that are inconsistent with detailed factual allegations in the body of a complaint or inconsistent with facts shown by supporting exhibits attached to a complaint. See id.

The facts assumed to be true for the purposes of ruling on defendants' motion to dismiss are as follows. Plaintiff contracted to serve as the Principal of Simmons from July 1, 2003 through June 30, 2006. The District had not previously employed plaintiff as a classroom teacher and the contract did not require any classroom teaching by plaintiff. Plaintiff met the expectations of his performance-based contract by raising the test scores of what had been the District's lowest-scoring school on the tests.

In December 2005, plaintiff was in a serious automobile accident that resulted in back and hip injuries requiring a number of surgeries. He notified the District of his injury, including through his December 12, 2005 filing of a workers' compensation claim. In May and June 2006, plaintiff was on disability leave.

On February 15, 2006, plaintiff informed the Board in writing that he was resigning at the end of his contract and would not be working for the District during the following

at 1086 (citing <u>Massey v. Merrill Lynch & Co.</u>, 464 F.3d 642, 650 (7th Cir. 2006); <u>Kolupa v. Roselle Park Dist.</u>, 438 F.3d 713, 715 (7th Cir. 2006), <u>abrogation recognized</u>, <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 777 (7th Cir. 2007); <u>McCready v. eBay, Inc.</u>, 453 F.3d 882, 888 (7th Cir. 2006); <u>Jackson v. Marion County</u>, 66 F.3d 151, 153-54 (7th Cir. 1995)). This is different from being sufficiently clear that facts are pleaded in the alternative. <u>See</u> <u>Holman</u>, 211 F.3d at 406-07.

academic year. Plaintiff did not request, in either the

resignation letter or thereafter, that he be reassigned to a

teacher or any other position in the District. On March 2,

defendant Roberts sent plaintiff a memorandum acknowledging that

plaintiff had submitted a resignation and advising him that his

letter of resignation would be presented to the Board at its

March 20, 2006 meeting, and also advising him that he should use

his remaining vacation days between then and June 30.

At the March 20 meeting, the Board did not accept the

letter of resignation. Instead, the Board reclassified

plaintiff as a teacher effective at the conclusion of the 2005-

2006 school year. The stated reasons for the reclassification

were plaintiff's deficient performance as a principal including

the following:

> 1. Mr. Ellison's administration of Simmons
> Middle School has been characterized by a lack of
> leadership and a lack of credibility. He has
> fostered a climate in which the staff views him
> as untrustworthy and, as a result, his ability to
> provide effective leadership is significantly
> impaired.
> 2. Mr. Ellison has been less than
> forthright with his supervisor in addressing a
> number of issues.
> 3. During the 2004-2005 school year, Mr.
> Ellison directed a special education team leader
> to conduct teacher evaluations. At the time, Mr.
> Ellison knew that the individual was not properly
> qualified to perform teacher evaluations. When

> confronted about the issue, Mr. Ellison <u>failed to
> acknowledge the extent of the team leader's
> involvement</u>.

Pl. Answer Brief [21] Exh. C (emphasis added).  Plaintiff alleges

that the stated reasons in the reclassification notice are

inconsistent with plaintiff's actual performance as a principal.

The reclassification notice advises plaintiff as to his

right to a private and public hearing regarding his

reclassification, the time limits for requesting the hearing, and

that he may be represented by an attorney at the hearing.  There

is no allegation that plaintiff requested a hearing.  He does

allege that no opportunity for a hearing was provided prior

to the reclassification.  The notice states that the

reclassification is not final until after any requested

hearing.[2]

An adequate opportunity for a hearing, in which plaintiff

could clear his name by challenging the reclassification or its

stated justification, would satisfy due process and preclude

plaintiff's liberty claim.  <u>See</u> <u>Mucha v. Village of Oak Brook</u>,

2008 WL 4686156 *5 (N.D. Ill. May 29, 2008).  On the facts

---

[2]The notice states that the Board must rule within 15
days of a private or public hearing.  The notice does not set any
time limit for the initial request for a private hearing nor any
time limit on setting a date for a hearing.  It would have been
possible that a final determination would have been made prior to
the June 30 reclassification date.

alleged, it cannot be conclusively determined that plaintiff had an opportunity for an adequate hearing. However, plaintiff should consider whether he has a viable due process claim in light of any hearing procedures that were available to him.

The reclassification notice also states that, as a probationary employee, plaintiff would remain subject to non-renewal under § 24-11 of the School Code. A letter from the Board, also dated March 20, 2006, states: "You are hereby notified, pursuant to Section 24-11 of the Illinois School Code, that your annual contract of employment shall not be renewed for the 2006-2007 school term and that you will be dismissed as a teacher in District No. 131, effective at the conclusion of the 2005-2006 school term."

Plaintiff alleges that he was reclassified to a lower position for purported deficient performance and then dismissed in retaliation for having filed a workers' compensation claim. Contrary to defendants' characterization of this allegation, plaintiff is not asserting a state law claim for workers' compensation retaliation. Rather, plaintiff is alleging defendants' motivation for engaging in the stigmatizing procedure instead of simply accepting his resignation. While a malicious motivation is not required for plaintiff's stigma plus claim, this allegation may have been included to support plaintiff's request for punitive damages. Presently, defendants contend that

the reclassification and dismissal was necessary in order to prevent the automatic renewal of plaintiff as principal for another school year. However, plaintiff had not been classified as a teacher and was for some period of time a probationary employee.

Plaintiff alleges that including in his employment record the negative reasons for his reclassification and classifying him as having been involuntarily dismissed has stigmatized him. He further contends that having this in his employment record prevents him from obtaining new employment.

In his Count II claim for injunctive relief, plaintiff alleges: "defendants have maintained and distributed records falsely indicating that [Ellison] was involuntarily reclassified from his principal's position with the District and terminated as a teacher with the District." Compl. ¶ 36. Defendants contend this allegation is inconsistent with the allegation that he was reclassified and involuntarily terminated. See id. ¶¶ 20, 22, 24. They contend this inconsistency is, by itself, sufficient reason to dismiss the Complaint. As discussed above, inconsistent factual allegations are permissible. Moreover, the allegations are not necessarily inconsistent. The allegation in ¶ 36 should be understood as an allegation that, while the Board stated that it reclassified him and terminated him as a teacher,

that was a procedural fiction that never really occurred because he never actually served as a teacher. This is not a question of inconsistent facts, but a question of the legal effect of the facts alleged, whether the Board's action actually resulted in plaintiff being reclassified. Also, although poorly worded, ¶ 36 may be referring to the reasons for his reclassification being false. In any event, as is discussed below, it is unnecessary to determine whether the Board's action had the legal effect of reclassifying plaintiff nor whether the reclassification was legally necessary even though plaintiff was resigning.

A liberty interest may be threatened when a public employee is discharged under circumstances where "the individual's good name, reputation, honor or integrity are at stake by such charges as immorality, dishonesty, alcoholism, disloyalty, Communism or subversive acts." Townsend v. Vallas, 256 F.3d 661, 669 (7th Cir. 2001) (quoting Munson v. Friske, 754 F.2d 683, 693 (7th Cir. 1985)). In order to make a claim of unconstitutional stigmatization, "the employee must show that (1) he was stigmatized by the defendant's conduct, (2) the stigmatizing information was publicly disclosed and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure." Townsend, 256 F.3d at 669-70. "The first element requires the employee to show that a public

official made defamatory statements about him." <u>Strasburger v.
Board of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1</u>,
143 F.3d 351, 356 (7th Cir. 1998). The statement must be factual
in nature, false, and have come from the mouth of a public
official. <u>Id.</u> Information that the employee was involuntarily
discharged or discharged for incompetence is not, by itself,
sufficient to satisfy the stigma element of the claim. <u>Doyle v.
Camelot Care Ctr., Inc.</u>, 305 F.3d 603, 624 (7th Cir. 2002);
<u>Head v. Chicago Sch. Reform Bd. of Tr.</u>, 225 F.3d 794, 801
(7th Cir. 2000); <u>Ratliff v. City of Milwaukee</u>, 795 F.2d 612, 625
(7th Cir. 1986); <u>Ketelsen v. Smith</u>, 2008 WL 2941259 *6 (C.D. Ill.
July 25, 2008); <u>Pate v. Village of Hampshire</u>, 2007 WL 3223360 *10
(N.D. Ill. Oct. 25, 2007).[3]

Among the stated grounds for plaintiff's reclassification
are that he had "a lack of credibility," was viewed as
"untrustworthy," had "been less than forthright," and refused to
"acknowledge" negative facts that he knew to be true. Thus, the

---

[3]Defendants contend their motion should be granted
because plaintiff does not make a sufficient legal argument in
response to the motion to dismiss in that plaintiff does not cite
a single case in its answer brief. Plaintiff, however, does not
disagree with the general legal principles set forth by
defendants, making it unnecessary to cite further case law.
Instead, consistent with the allegations in the Complaint itself,
plaintiff responds with additional allegations that the stated
grounds for his reclassification included his purported
dishonesty, an allegation that defendants ignore in their reply.

stated reasons for the reclassification were not limited to
plaintiffs' purported incompetence as a principal. Falsely
describing plaintiff as being dishonest in his profession is the
type of defamatory statement that supports a liberty interest
claim based on a stigma. Plaintiff alleges that these reasons
were false, that they have contributed to preventing him from
obtaining further employment in his profession, and that the
information was conveyed to others. Thus, plaintiff has
adequately alleged a liberty interest claim.

Citing the Illinois School Code, defendants contend they
could not simply allow plaintiff to resign, but had to follow the
procedure of first reclassifying plaintiff and then dismissing
him. While it is doubted that state statutes would preclude
accepting a voluntary resignation, it is unnecessary to construe
the cited statutes. Even if it was necessary to reclassify
plaintiff before letting him go, defendants' own documents state
that he was still a probationary employee. Apparently, it would
not have been necessary to have cause for the dismissal. But
even assuming it was also necessary to state reasons for the
dismissal, defendants do not point to any provision requiring
that they state allegedly false reasons for the dismissal.
Count I will not be dismissed.

Defendants contend that, even if a liberty claim is stated, plaintiff has no basis for injunctive relief because damages are an adequate remedy. Plaintiff, however, desires to continue to pursue employment opportunities. Therefore, he has a basis for seeking injunctive relief precluding further distribution of the allegedly false information. At this time, it is unnecessary to decide whether it would also be appropriate to order defendants to issue retractions to any persons who have already received the allegedly false information. That need not be considered unless plaintiff proves that false statements were distributed which violated the Constitution and injured him.

Last, defendants contend punitive damages cannot be obtained from the District or Board. Plaintiff responds that he is not requesting punitive damages from them. Paragraph B of the Count I prayer for relief, however, does include the Board in the request for punitive damages. No Board member is joined in his or her individual capacity. The request for punitive damages will be limited to the individual defendants in their individual capacities.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [10] is granted in part and denied in part. The request for punitive damages is limited to being against the individual defendants in their individual capacities. Within two weeks,

defendants shall answer the Complaint. All discovery is to be completed by August 31, 2009. A status hearing will be held on May 14, 2009 at 11:00 a.m.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: MARCH 27 , 2009